127 F.3d 1106
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Chau Trong NGUYEN, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 96-70255.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 9, 1997.
Decided Oct. 24, 1997.
 
 Petition for Review of An Order of The Board of Immigration Appeals.
 Before: REINHARDT and TASHIMA, Circuit Judges, and FITZGERALD, District Judge.**
 MEMORANDUM*
 Chau Trong Nguyen seeks a petition for review of the BIA's reversal of an Immigration Judge's ("IJ") grant of relief from deportation under INS § 212(c). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and because we find that the BIA partially misapprehended the facts surrounding what the BIA itself called the "controlling adverse factor," we grant the petition, vacate and remand.
 Nguyen was admitted to the United States as a lawful permanent resident in 1984. Six years later, after his second criminal conviction, an Immigration Judge issued an order to show cause why Nguyen should not be deported. In response, Nguyen applied for a discretionary waiver of deportation under INA § 212(c). The Immigration Judge found that Nguyen had demonstrated outstanding family ties, a long duration of residence, a favorable parole report, and remorseful behavior. The IJ therefore concluded that the equities weighed in favor of Nguyen and waived deportation. The BIA, however, reversed the IJ's ruling, holding that "[t]he controlling adverse factor of record is [Nguyen's] serious criminal record" and that, given that record, he had not demonstrated sufficiently "outstanding" equities to warrant relief from deportation. It therefore ordered Nguyen deported on the ground that he committed a crime of moral turpitude.
 Nguyen timely filed his petition to this Court on April 9, 1996. We, therefore, are not divested of jurisdiction by § 321(a) of Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104-208, 110 Stat. 3009 (1996), which enlarged the definition of "aggravated felons," because that section did not become effective until September 30, 1996, and it does not apply retroactively. Valderamma-Forseca v. INS, 116 F.3d 853, 856-57 (9th Cir.1997). Accordingly, Nguyen is not deportable as an aggravated felon.
 Having jurisdiction, we turn to the merits. Under INA § 212(c) lawful permanent residents may concede deportability and, in the exercise of the Attorney-General's discretion, receive a waiver of deportation if "taking into account the social and humane considerations presented in an applicant's favor and balancing them against the adverse factors that evidence the applicant's undesirability as a permanent resident," Paredes-Urrestarazu v. INS, 36 F.3d 801, 806 (9th Cir.1994), the social and humane considerations outweigh the adverse factors. Where a 212(c) petitioner has a serious criminal record, "he must make a heightened showing that his case presents unusual or outstanding equities to warrant discretionary relief." Yepes-Prado v. INS, 10 F.3d 1363, 1366 (9th Cir.1993). We review the BIA's balancing for abuse of discretion, id. at 1365, and in light of this court's recent explanation that the requirement of "outstanding" equities "is not to be imposed in a rigid manner inevitably compelling the denial of relief." Georgiu v. INS, 90 F.3d 374, 378 (9th Cir.1996).
 The BIA's analysis reveals that it viewed Nguyen's case as an extremely close one. Nguyen's plea to voluntary manslaughter was not his first conviction of a criminal offense. On the other hand, the BIA found that there were "outstanding" equities in his favor--namely, his significant family ties and long length of residence. Nguyen has been in the United States for thirteen years and has seven lawful permanent resident siblings and lawful permanent resident parents. He works full time in the family-owned business. The BIA also noted that Nguyen had established "favorable" efforts toward rehabilitation.
 In the end, however, the BIA held that Nguyen's admittedly "outstanding" equities did not outweigh the "controlling adverse factor" of his criminal record. It is here that the BIA abused its discretion, because it committed a serious factual error in determining the "controlling adverse factor." See Paredes-Urrestarazu, 36 F.3d at 810 (stating that the BIA abuses discretion when it relies on erroneous or improper facts); YepesPrado, 10 F.3d at 1367-69 (same). In reaching its conclusion that Nguyen's criminal record required it to reverse the IJ, the BIA relied on its mistaken belief that Nguyen has been convicted of three crimes. In fact, he has only been convicted of two. Nguyen was never, contrary to the BIA's finding, convicted of "buying and selling stolen property." The record unambiguously shows that this charge, which dates back to 1987, was dismissed. To compound its error, the BIA mischaracterized Nguyen's first conviction by adding the word "stolen" to the property offense involved.[1] In short, the BIA clearly erred in determining the adverse factor on which it based its decision. See Yepes-Prado, 10 F.3d at 1366; Braun v. INS, 992 F.2d 1016, 1021 (9th Cir.1993).
 Given that Nguyen's case was so close, we conclude that the BIA abused its discretion in reversing the IJ's decision on the basis of a "controlling" factor that it misapprehended in two material respects. We cannot determine from the record how the BIA would have resolved the case had it understood the facts properly. Perhaps a correct understanding would have been enough to tip the scales the other way. In any event, we cannot substitute our judgment for that of the agency's. Accordingly, we must remand this case to the BIA for reconsideration. Id. Finally, because the BIA's completed its "actions taken" regarding Nguyen's case prior to September 30, 1996, we note that IIRIRA § 321(a) continues to be inapplicable on remand. See Valderamma-Fonseca, 116 F.3d at 855-56. The petitioner does not lose the benefit of the old substantive definition of deportability because the BIA abused its discretion in the first instance and there was a necessary delay in addressing the error. See id. at 856.
 The petition is GRANTED, and the BIA's decision is VACATED and REMANDED.
 
 
 
 **
 The Honorable James M. Fitzgerald, Senior United States District Judge for the District of Alaska, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The BIA stated that Nguyen was convicted of "buying and selling stolen property with the identification symbols removed." (emphasis added). Nguyen, however, was convicted only of "buying and selling articles with identification removed." See Cal.Penal Code § 537e